ANTONIO IMBESI, APPELLANT, v. AMERICAN ICE COM-
PANY, RESPONDENT.

Argued October 30, 1924—Decided January 19, 1925.

When an employe of an ice manufacturing company was injured in
performing work that he was instructed to do, the accident
clearly occurred in the course of his employment, and his remedy
for the injury sustained was under the 'Workmen's Compensa-
tion act, and not by an action at law to recover damages.

On appeal from the Supreme Court.

For the appellant, *John C. Reed.*

For the respondent, *Moore & Butler.*

The opinion of the court was delivered by

CAMPBELL, J.   This is an appeal from a judgment of non-
suit.

Appellant was, and had been, in the employ of the respond-
ent for a period of three years.   The business of the respond-
ent is the manufacture of ice, and appellant's work was in
what is known as the storage room.   On the morning of the
accident, December 13th, 1919, a foreman directed appellant
to leave his place of work, in the storage room, and go to
work at the cutting table or platform where he was short of
men.   At this table or platform large cakes of ice are cut
by saws into smaller cakes, and pushed upon a conveyor and
carried to the storage room.   While appellant was thus en-
gaged in work, the accident happened, injuring his foot.

The contention is that while he was standing upon a cake
of ice the foreman poured water thereon from a hose, thus
causing appellant to slip, and bringing him in contact with
one of the saws.

Appellant brought an action against respondent to recover
for his injuries, alleging negligence.

The respondent's answer set up several defenses, amongst which were—

(a) That appellant was bound by section 2 of the Workmen's Compensation act, and, therefore, could not recover at common law, and

(b) Appellant's injury was caused by the negligence of a fellow-servant.

The state of the case does not show the grounds for the nonsuit, but the court's conclusions upon such motion clearly indicate that there were at least three grounds urged, namely, that appellant's remedy was under the Workmen's Compensation act; that he assumed the risk; that his injury was the result of the negligence of a fellow-servant.

The motion to nonsuit was granted upon the first of these grounds.

The two grounds for reversal argued and urged by appellant are—

(1) Was the accident resulting in injury to the appellant one "arising out of and in the course of his employment?" In other words, was his remedy by the action in question or under the Workmen's Compensation act?

(2) Can the judgment of nonsuit be sustained upon any other ground than that upon which the trial court rested it?

We think the complete answer to the first ground is to be found in the findings of this court in *Nevich* v. *Delaware, Lackawanna and Western Railroad Co.*, 90 *N. J. L.* 228.

The answer to the second ground is that the undisputed facts show that appellant's injury was caused by the act of a fellow-servant, and that the nonsuit might also have rested upon that reason.

The judgment below is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, BLACK, KATZENBACH, CAMPBELL, VAN BUSKIRK, CLARK, McGLENNON, KAYS, JJ. 12.

*For reversal*—None.